New York County.—Hon. D. G. ROLLINS, Surro-
GATE.—June, 1887.

Matter of Bull.

*In the matter of the estate of* Cecilia M. Bull,
*deceased.*

Testatrix, by the first clause of her will, directed that her funeral charges,
expenses of administration and debts be paid out of a specified fund of
$18,000; by the second, bequeathed to her husband $6,000, to be paid
to him out of that fund; and then gave " the balance or remainder of
said sum or fund of $18,000 " to her children.   Upon the settlement of
the executor's account, it was objected, in behalf of the children, that
all the burdens had been charged upon their interest in the fund, to
the exoneration of that of the decedent's husband.—

*Held,* that the children were entitled only to what was left of the sum or
fund in question, after satisfaction of the charges specified and the
bequest to their father.

Hearing of objections, interposed by legatee, to
account of executor of decedent's will, in proceedings
for judicial settlement.

RUSSELL, DENNISON & LATTING, *for executor.*

MILLER, PECKHAM & DICKSON, J. W. E. YORK, A. W. SPEIR, *and*
MACLAY & FORREST, *for other parties.*

THE SURROGATE.—To the account lately filed by
the respondent herein, as executor of the estate of
Cecilia M. Bull, deceased, two objections were inter-
posed by Julia J. Bull, a daughter of the testatrix, and
a legatee under the will.   Those objections alleged

(1) That, although that will refers to a certain sum
of $18,000, as constituting a fund belonging to Mrs.
Bull in the hands of her brother, John DeRuyter, the

executor had accounted for "only a portion of said sum," and

(2) That no statement had been made as to the amount properly chargeable by way of interest on the fund in question, and that no sufficient information had been given as to the manner in which said fund had been invested. Both these objections were withdrawn after they had elicited from the executor a supplementary account, which was filed by him on the 11th of March last.

Counsel for the contestant now asks that she be allowed to file new objections to the account. While he gives no explanation of his failure to submit those objections within the time limited by the rules of this court, I might, despite the delay, allow their interposition if it were not so evident to my mind that they are without substantial merit.

They are based upon the theory that the executor has erroneously treated the costs of his administration and the debts and funeral expenses of his testatrix, as chargeable upon the interest of her children in the $18,000 fund, to the exoneration of the interest of her husband therein. "I direct," says the first clause of the will, "that my funeral charges, the expense of administering my estate, and my lawful debts be paid out of the sum or fund of $18,000, now in the hands of my brother, John DeRuyter."

By its second clause, the will gives to the husband of the testatrix, "the sum of $6,000 to be paid to him out of the said sum of $18,000"; it gives him also "my Jersey City bond of $1,000, together with my household furniture, jewelry, etc." Then comes the

following provision: "I give and bequeath unto my children" (naming them) "*the balance or remainder* of said sum or fund $18,000 aforementioned, equally between them, share and share alike." By clause four, the testatrix gives certain specific legacies to these children, and by clause five she gives "the residue and remainder if any" to her husband.

The executor has paid in full Mr. Bull's legacy of $6,000, and has transferred to him all the property specifically bequeathed him by the will. In thus throwing upon the contestant and her brother and sisters the burden of the debts and funeral and administration expenses, the executor has but obeyed the express requirements of the will. Those disbursements are a first charge upon the $18,000 fund; from the surplus of that fund the husband of the testatrix is next entitled to the sum of $6,000, even though in the satisfaction of his claims the fund should be entirely exhausted. The children must content themselves with the balance or remainder of such sum or fund, after the satisfaction of the charges above specified and of the bequest to their father (Choat v. Yeats, 1 *Jac. & W.*, 102 ; Browne v. Groombridge, 4 *Madd.*, 495 ; Vernon v. Earl Manvers, 31 *Beav.*, 623 ; Webb v. De Beauvoisin, 31 *Beav.*, 573 ; Hewett v. Snare, 1 *De G. & Sm.*, 333 ; Corbet v. Corbet, 8 *Ir. Rep. Eq.*, 407 ; Miles v. Harrison, 8 *L. R.*, *Ch. App.*, 316 ; Penny v. Penny, 11 *L. R.*, *Ch. Div.*, 440).

Let a decree be entered for the judicial settlement of the executor's account.